# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Stefanie McLaughlin,<br><br>Plaintiff,<br><br>vs.<br><br>Global Credit & Collection Corporation, d/b/a Global,<br><br>Defendant. | Civil File No: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and under the TCPA.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Stefanie McLaughlin ("McLaughlin" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Global Credit & Collection Corporation d/b/a Global ("Global" or "Defendant"), is a foreign corporation that has a principal address of 300

International Drive, Suite 100, Williamsville, New York 14221. Global is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with HSBC, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before October 2013.

9. On or about October 16, 2013, Global left a telephonic communication for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt.

10. Specifically, Global left the following telephonic communication for Plaintiff on or about October 16, 2013:

> This information is intended for Stefanie McLaughlin, claim 1881188. This is Patricia White calling about an order that has been submitted to my office. I need to verify an address to present you with your formal [inaudible] at your residence and place of employment. Stefanie, there are charges and a claim against you. At this point you will have one opportunity to contact the firm handling your charges to discuss this matter immediately. They can be reached at 855-433-1916 – claim 1881188. Stefanie McLaughlin, you have officially been notified.

11. Global's telephonic communication violated 15 U.S.C. § 1692e(2)(A) because Global falsely implied and/or represented that Plaintiff was being charged with a crime, and that Plaintiff was going to be served with a lawsuit.

12. Global's telephonic communication violated 15 U.S.C. § 1692e(4) because Global falsely implied and/or represented that Plaintiff was going to be arrested and/or lose her property if she did not pay the debt immediately.

13. Global's telephonic communication violated 15 U.S.C. § 1692e(5) because Global falsely threatened to serve Plaintiff with a "charge" and/or "claim" at Plaintiff's place of employment.

14. Global's telephonic communication violated 15 U.S.C. § 1692(7) because Global falsely implied and/or represented that Plaintiff had committed a crime and other conduct in order to disgrace Plaintiff.

15. Global's telephonic communication violated 15 U.S.C. § 1692e(10) because Global falsely represented that there were "charges and a claim against" Plaintiff and that Plaintiff was going to be served with some type of legal proceeding at her residence and place of employment.

16. On or about October 16, 2013, Plaintiff talked to a debt collector who was employed by Global at all times relevant herein.

17. The debt collector from Global demanded bank information from Plaintiff to "stop proceedings" and further litigation.

18. A different debt collector who was employed by Global at all times relevant herein then told Plaintiff that Global was a "pre-litigation agency" and that Global would come to her home or work to collect the debt.

19. Global's debt collectors violated 15 U.S.C. §§ 1692(e)(2)(A), 1692e(4), 1692e(5), 1692e(7), and 1692e(10) because the debt collectors falsely implied and/or represented that Plaintiff was going to be subject to some type of legal proceedings and because the debt collectors falsely implied that Global had the authority to initiate a legal proceeding against Plaintiff.

20. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Global.

21. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Global's acts and omissions.

*Telephone Consumer Protection Act*

22. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

23. At all times relevant to this complaint, Global has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

24. Global at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

25. Global at all times relevant to the complaint herein engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

26. At all times relevant to this complaint, Global has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

27. At all times relevant to this complaint, Global has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

28. Global placed telephone calls to Plaintiff's cellular telephone on the following dates and times without Plaintiff's express consent:

    - October 16, 2013 at 12:53 p.m.;
    - October 16, 2013 at 12:54 p.m.;
    - October 16, 2013 at 3:03 p.m.;
    - October 17, 2013 at 9:19 a.m.;
    - October 17, 2013 at 9:20 a.m.;
    - October 17, 2013 at 9:21 a.m.; and
    - October 17, 2013 at 11:45 a.m.

*Summary*

29  All of the above-described collection communications made to Plaintiff by Global and its debt collection employees employed by Global were made in violation of numerous and multiple provisions of the FDCPA and the TCPA.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

31. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

32. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

33. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

34. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

35. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.

36. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

37. Within the one year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200(a)(1)(iii).

38. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this complaint, caused Plaintiff to sustain damages.

40. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

41. Defendant made such calls willfully.

42. Under the 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

43. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

44. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

### COUNT II: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;
- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff; and
- For an injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

Dated: October 31, 2013.                    **MARSO AND MICHELSON, P.A.**

By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com